# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JULIETTE L. NEAL,
          Appellant,

          v.

DEPARTMENT OF HEALTH AND
     HUMAN SERVICES,
          Agency.

DOCKET NUMBER
PH-1221-15-0378-W-1

DATE: August 17, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Juliette L. Neal, Laurel, Maryland, pro se.

Anita Gwynn, Baltimore, Maryland, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1     The appellant has filed a petition for review of the initial decision, which dismissed her individual right of action (IRA) appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based on an

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  See 5 C.F.R. § 1201.117(c).

erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2        On September 20, 2013, the agency notified the appellant, a GS-12 Health Insurance Specialist, that she would be terminated during her probationary period due to conduct and performance issues effective the next day. Initial Appeal File (IAF), Tab 4 at 14-19. However, prior to the effective date of the termination, the appellant resigned, and the agency processed her separation as a resignation effective September 22, 2013. *Id.* at 13; IAF, Tab 11 at 8. On the day she received the notice of termination, the appellant initiated the equal employment opportunity (EEO) complaint process, alleging, among other things, that she was terminated due to sex-based discrimination and reprisal. IAF, Tab 5, Subtab VI at 30‑39. On December 13, 2013, the appellant was notified of her right to file a formal EEO complaint of discrimination, but did not do so. IAF, Tab 4 at 12; Tab 13 at 4. On December 11, 2014, the appellant filed a complaint with the Office of Special Counsel (OSC) alleging that she was terminated in retaliation

for her opposition to, and reporting of, sexual harassment by her supervisor.[2] IAF, Tab 6. On March 30, 2015, OSC notified the appellant that it was closing its investigation into her complaint and that she had the right to file a request for corrective action with the Board. IAF, Tab 1 at 8‑9.

¶3        The appellant timely filed a request for corrective action with the Board.[3] IAF, Tab 1. In an order on jurisdiction, the administrative judge advised the appellant that disclosures of discrimination do not constitute protected whistleblower activity because they pertain to matters of discrimination covered by 5 U.S.C. § 2302(b)(1)(A) and explained that her claims of sexual harassment and "hostile environment" sexual harassment constituted allegations of discrimination based on sex. IAF, Tab 17 at 2. The administrative judge further explained that, although the Whistleblower Protection Enhancement Act (WPEA) made allegations of reprisal for certain "protected activity" in 5 U.S.C. § 2302(b)(9) actionable in an IRA appeal, the WPEA did not appear to have any effect on the Board's precedent holding that disclosures of Title VII violations—such as discrimination based on sex—are not protected whistleblowing. *Id.* Thus, the administrative judge ordered the appellant to show cause why the appeal should not be dismissed for lack of jurisdiction. *Id.* at 3. In response, the appellant explained that she withdrew her request for a hearing in

---

[2] In the appellant's OSC complaint, she alleged that her supervisor sexually harassed her over the course of several months. IAF, Tab 6 at 1. The appellant stated that, due to the harassment, she twice suggested sexual harassment awareness training in response to a survey from the Deputy Director. *Id.* at 1, 8. She further stated that she believed her supervisor became aware of her survey responses because he subsequently told her that he did not "believe in sexual harassment." *Id.* at 2, 8. The appellant also stated that she spoke to a coworker about her supervisor's harassing behavior in confidence but later learned that her coworker had informed her supervisor of the conversation. *Id.* at 2. The appellant alleged that the agency failed to respond to her complaints of sexual harassment. *Id.* at 3, 9.

[3] The appellant did not request a hearing. IAF, Tab 1 at 1.

her EEO complaint after the agency attorney treated her in a "hostile, antagonistic" manner during a teleconference. IAF, Tab 18 at 1‑2.

¶4　　　In an initial decision based on the written record, the administrative judge found that the appellant failed to make a nonfrivolous allegation that she made any disclosures protected under 5 U.S.C. § 2302(b)(8) or (b)(9)(A)(i), (B), (C), or (D), and dismissed the IRA appeal for lack of jurisdiction. IAF, Tab 19, Initial Decision (ID). The appellant has filed a petition for review of the initial decision, the agency has responded in opposition, and the appellant has replied to the agency's response. Petition for Review (PFR) File, Tabs 3, 5‑6.

¶5　　　The Board has jurisdiction over an IRA appeal if the appellant exhausts her administrative remedies before OSC and makes nonfrivolous allegations that: (1) she made a disclosure described under 5 U.S.C. § 2302(b)(8), or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a). 5 U.S.C. §§ 1214(a)(3), 1221(e)(1); *Yunus v. Department of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001).

¶6　　　We agree with the administrative judge's finding that the appellant has not presented a nonfrivolous allegation that she made any protected disclosure under section 2302(b)(8). ID at 6-7. Although the appellant exhausted her administrative remedy regarding her claims of having suggested sexual harassment awareness training in response to a survey from the Deputy Director and telling a coworker about her supervisor's purported harassing behavior, it is well settled that disclosures concerning discrimination covered by Title VII are excluded from coverage under section 2302(b)(8). *Parikh v. Department of Veterans Affairs*, 110 M.S.P.R. 295, ¶ 24 (2008); *McDonnell v. Department of Agriculture*, 108 M.S.P.R. 443, ¶ 22 (2008). On review, the appellant has

provided no basis to disturb the administrative judge's finding, and we discern none.  PFR File, Tabs 3, 5.

¶7        We likewise agree with the administrative judge's finding that the appellant has not presented a nonfrivolous allegation that she disclosed retaliation based on a protected activity.  ID at 7.  As the administrative judge correctly explained, the WPEA expanded the scope of protected activity to include a claim that an agency retaliated for "the exercise of any appeal, complaint, or grievance right granted by any law, rule, or regulation . . . with regard to remedying a violation of [section 2302(b)](8)."  5 U.S.C. § 2302(b)(9)(i); ID at 7.  Here, however, the appellant does not allege that the agency retaliated against her for filing an EEO complaint, and the record reflects that she initiated an EEO complaint only after she was notified of her termination.  IAF, Tab 5 at 30; IAF, Tab 1; PFR File, Tabs 3, 6.  Accordingly, we discern no basis to disturb the administrative judge's finding that the appellant failed to nonfrivolously allege that the agency retaliated against her for engaging in protected activity.  ID at 7‑8.

¶8        In sum, we conclude that, because the appellant did not nonfrivolously allege that she made a protected disclosure under 5 U.S.C. § 2302(b)(8), or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D), the administrative judge correctly determined that the Board lacks jurisdiction over this IRA appeal.  ID at 8.

**NOTICE TO THE APPELLANT REGARDING<br>YOUR FURTHER REVIEW RIGHTS**

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory

deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.  The court of appeals must receive your petition for review within 60 days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  You may choose to request review of the Board's decision in the U.S. Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both.  Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.  Additional information about other courts of appeals can be found at their respective websites, which can be accessed through the link below: http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website

at   http://www.mspb.gov/probono   for   information   regarding   pro   bono representation for Merit Systems Protection Board appellants before the Federal Circuit.    The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                                   _____
                                                                 Jennifer Everling
                                                                 Acting Clerk of the Board

Washington, D.C.